Filed 6/25/14  P. v. McFadden CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APEA, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ALEJANDRO RAY MCFADDEN,<br><br>    Defendant and Appellant. | D065416<br><br><br>(Super. Ct. No. SCD249941) |

APPEAL from a judgment of the Superior Court of San Diego County, Eugenia

Eyherabide, Judge.  Affirmed.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for

Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Alejandro Ray McFadden pleaded guilty to one count of making a criminal threat

(Pen. Code, § 422) and one count of corporal injury to a spouse/roommate (Pen. Code,

§ 273.5, subd. (a)).  The trial court sentenced McFadden to two years eight months in state prison.

McFadden timely appealed from the judgment.  Appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), setting forth the facts of the case and requesting that we review the entire record.  Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), appointed counsel suggested we consider two issues: (1) whether McFadden's waiver of his constitutional rights and entry of his plea were voluntarily and knowingly made with an understanding of the consequences; and (2) whether his guilty plea was a result of ineffective assistance of counsel.  McFadden was granted 30 days to file a brief on his own behalf and has not done so.

We have independently reviewed the entire record and have found no reasonably arguable issues.  (See *Wende*, *supra*, 25 Cal.3d at p. 438.)  We therefore affirm.

FACTUAL AND PROCEDURAL BACKGROUND[1]

In August 2013, McFadden visited Shelly Payne, his girlfriend and the mother of his daughter.  The two got into an argument, and McFadden refused to let Payne leave the apartment.  During the argument, McFadden brandished a gun and threatened to kill Payne.  The next day, McFadden returned to Payne's residence and attacked her.  Payne fled to the bathroom, but McFadden knocked her to the ground before she could lock the door.

---

[1]     The parties stipulated that the preliminary hearing transcript and court records provided a factual basis for the plea.

Payne eventually escaped and called the police. She reported that McFadden stomped on her head, punched her in the back and pulled out her hair.

McFadden fled the scene into the alleyway, where the police later found him in a laundry room. After McFadden's arrest, the police searched the laundry room and found a small revolver inside a black glove. The police also found a matching black glove on McFadden.

Initially, McFadden pleaded not guilty. He subsequently changed his plea to guilty for a stipulated sentence of two years eight months. After sentencing, McFadden appealed, claiming his sentence should run concurrently and equate to a total term of confinement of one year. The trial court granted his request for a certificate of probable cause.

DISCUSSION

I

"'Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.' [Citations.]" (*People v. D'Arcy* (2010) 48 Cal.4th 257, 284.) "Waivers may be manifested either orally or in writing. [Citation.] The voluntariness of a waiver is a question of law which appellate courts review de novo. [Citation.]" (*People v. Pannizon* (1996) 13 Cal.4th 68, 80.)

Here, the record clearly shows McFadden manifested his consent to the stipulated sentence. McFadden's plea agreement states that he was promised a "stipulated 2 years 8

months state prison [sentence] concurrent with any parole or PRCS violation."  The plea agreement makes no reference to a sentence any less than two years eight months.  In fact, McFadden placed his initials next to the paragraph that reads, "I understand that I may receive this maximum punishment as a result of my plea: 4 y[ea]rs 8 months . . . ."  McFadden also placed his initials next the sentence that reads, "I am entering my plea freely and voluntarily, without fear or threat to me or anyone closely related to me."  Additionally, McFadden's attorney signed the plea stating that he had reviewed the entire plea agreement with McFadden and explained each of the terms, including the stipulated sentence.

Moreover, when taking the plea, the record shows the trial court asked McFadden if he understood his stipulated sentence to be "two years and eight months in the state prison," and McFadden stated he did.  The trial court also advised McFadden that "[t]he maximum penalty could be four years and eight months in the state prison . . . ."  McFadden stated he understood.

We independently conclude on this record that McFadden knowingly, intelligently, and voluntarily consented to the sentence of two years eight months.  Indeed, from our own review of the record we have found no evidence whatsoever to support his contention that he was promised, or reasonably could have expected, a sentence of less than this term, including one year as he alleges in his brief.

4

II

"To prevail on a claim of ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. [Citations.] Counsel's performance was deficient if the representation fell below an objective standard of reasonableness under prevailing professional norms. [Citation.] Prejudice exists where there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. [Citation.]" (*People v. Benavides* (2005) 35 Cal.4th 69, 92-93.) "A defendant who raises the issue on appeal must establish deficient performance based upon the four corners of the record." (*People v. Cunningham* (2001) 25 Cal.4th 926, 1003.)

Here, McFadden has not satisfied his burden to show his counsel's performance was deficient. On the plea form, McFadden placed his initials next to the paragraph stating that his attorney had advised him of all possible consequences of his plea. During the taking of the plea, the trial court asked McFadden if his attorney went over the plea forms with him. McFadden stated that he did and that he had no further questions. In light of the foregoing, and given that McFadden was facing possible confinement of four years eight months for the offenses, we independently conclude McFadden's guilty plea was not the result of ineffective assistance of counsel.

5

DISPOSITION

The judgment of conviction is affirmed.

BENKE, Acting P. J.

WE CONCUR:


NARES, J.


McDONALD, J.